# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-00184-RJC-DSC

| | |
|---|---|
| LEONARDO DEJESUS, | )<br>) |
| Plaintiff, | )<br>) |
| | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION AND** |
| | ) **ORDER** |
| v. | )<br>) |
| LOWE'S HOME CENTERS, INC. AND<br>LOWE'S COMPANIES, INC., | )<br>)<br>) |
| Defendants. | ) |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss," Doc. 2, filed April 15, 2014, "Plaintiff's Motion for Extension of Time to Serve Summons and Complaint," Doc. 9, filed May 12, 2014, and the parties' briefs, Docs. 3, 11 and 14.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned <u>denies</u> "Plaintiff's Motion for Extension of Time to Serve Summons and Complaint" and respectfully recommends that "Defendants' Motion to Dismiss" be <u>granted</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action in Mecklenburg County Superior Court on August 30, 2013. The original Summons was issued that same date. The original Summons was not served on

Defendants. On October 24, 2013, Plaintiff obtained an endorsement extending the time for serving the Summons by sixty days. The renewed Summons was not served on Defendants. On December 19, 2013, Plaintiff caused an Alias and Pluries Summons to be issued. Each Defendant was served by U.S. Mail through its registered agent on March 18, 2014, more than sixty days after the Alias and Pluries Summons was issued. Defendants timely removed the action to this Court on April 14, 2014 based upon federal question jurisdiction.

Plaintiff asserts causes of action for race and national origin discrimination under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981. Doc. 1-1 at ¶¶ 1, 15-18. Plaintiff's national origin is Latino. Id. at ¶ 2. The Complaint alleges that Plaintiff and Defendants entered into a twelve-month contract on October 16, 2008. Id. at ¶ 5. Plaintiff contracted with Defendants to install cabinets, millwork and flooring for Lowe's customers. Id. at ¶6. Plaintiff alleges that he was treated in a discriminatory manner based upon his race and national origin. Id. at ¶¶ 7, 15, 18. Specifically, Plaintiff claims that he was not given installation jobs to perform; that customer complaints against him were false; that he was denied training and sales support; and that he was not promptly paid for the work he performed. Id. at ¶¶ 8-9, 10-11, 13.

On April 15, 2014, Defendants filed their Motion to Dismiss asserting that Plaintiff failed to serve the Summons and Complaint within sixty days as required by Rule 4(c) of the North Carolina Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 4(c).

In his Response, Plaintiff argues that the Alias and Pluries Summons became dormant after sixty days on February 17, 2014, but was served one day prior to its expiration on March 19, 2014. Plaintiff asserts that since the Summons was not expired but merely dormant at the time of service, the Court has discretion to retroactively extend the time for service.

## II. DISCUSSION

Rule 4(c) of the North Carolina Rules of Civil Procedure provides that the time frame for personal service of a summons is within sixty days of issuance. N.C. Gen. Stat. § 1A-1, Rule 4(c). However, the expiration of the sixty day period does not discontinue the action. Under Rule 4(d) plaintiffs can secure an endorsement to the summons or obtain an alias and pluries summons within ninety days from the date of issuance. N.C. Gen. Stat. § 1A-1, Rule 4(d).

In <u>Wetchin v. Ocean Side Corp.</u>, 606 S.E.2d 407, (N.C. App. 2005), the North Carolina Court of Appeals distinguished between a summons that has become dormant and one that has expired. A summons becomes dormant after sixty days and expires after ninety days. <u>Id.</u> at 410. When a summons has expired, the action is discontinued and the trial court is without authority to retroactively extend the time for issuance of an alias and pluries summons. <u>Id.</u> If service is obtained while the summons is dormant, the court has discretion to retroactively extend the time for service upon a finding of excusable neglect pursuant to Rule 6(b). <u>Id.</u>

Here, Plaintiff served the Summons and Complaint one day before the ninety day period expired. Therefore, the undersigned finds that Plaintiff served Defendants with a dormant Summons and must now determine if the period for service should be extended due to excusable neglect.

Excusable neglect is not easily demonstrated, nor was it intended to be. <u>Thompson v. E.I. DuPont de Nemours & Co., Inc.</u>, 76 F.3d 530, 534 (4th Cir. 1996). The most important factor in determining whether neglect is "excusable" is the reason for the delay. <u>Id.</u> The Supreme Court has interpreted the phrase "excusable neglect" by relying on its ordinary meaning. <u>Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship</u>, 507 U.S. 380, 388 (1993). In <u>Pioneer</u>, the Supreme

Court defined "neglect" as encompassing "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Id. at 388. The Supreme Court defined "excusable" as "at bottom an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission, including, the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395. While adopting a flexible standard for "excusable neglect," the Supreme Court stated that it was appropriate to hold a party accountable for the mistakes of counsel and that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Id. at 396–97.

Plaintiff has offered no explanation whatsoever for his lapses in attempting to serve a well known corporate entity, much less made a showing of excusable neglect. Therefore, the undersigned will deny "Plaintiff's Motion for an Extension of Time to Serve its Summons and Complaint," Doc. 9. Since Plaintiff failed to effect timely service on Defendants, the undersigned respectfully recommends that "Defendants' Motion to Dismiss" be granted.

### III. ORDER

**FOR THE FOREGOING REASONS,** "Plaintiff's Motion for Extension of Time to Serve Summons and Complaint," Doc. 9, is **DENIED**.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Motion to Dismiss," Doc. 2, be **GRANTED** and the case be dismissed without prejudice.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: June 16, 2014

David S. Cayer
United States Magistrate Judge